**'08 CIV 5501**

**JUDGE CHIN**

326-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
CAPE BENAT NAVIGATION INC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAPE BENAT NAVIGATION INC, <br><br> Plaintiff, <br><br> -against- <br><br> PROGETRA SA, <br><br> Defendant. | 08 CV _____ (____) <br><br> **VERIFIED COMPLAINT** |

Plaintiff CAPE BENAT NAVIGATION INC (hereinafter "CAPE"), for its Verified Complaint against Defendant PROGETRA SA (hereinafter "PROGETRA"), alleges upon information and belief as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2.  At all times material hereto, Plaintiff CAPE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 80 Broad Street, Monrovia, Liberia.

3.  At all times relevant hereto, Defendant PROGETRA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Viale Stefano Francini 16, 6900 Lugano, Switzerland.

4.  On or about June 18, 2007, Defendant PROGETRA, as charterer, entered into a maritime contract of charter party with Plaintiff CAPE, as owner, for one laden voyage aboard the M/T CAPE BENAT.

5.  Under the terms of the charter, Defendant PROGETRA was obligated to pay demurrage at the rate of $26,000 per day pro rata for each day the vessel was delayed at the loading and/or discharge port(s) beyond the agreed laytime period of 72 hours.

6.  Plaintiff CAPE duly delivered the M/T CAPE BENAT into the service of Defendant PROGETRA, and performed all of its duties under the charter party.

7.  During the course of the charter, the vessel was placed on demurrage for a total of 3.6806 days.

8.  On August 6, 2007, Plaintiff CAPE issued a demurrage showing a balance in favor of CAPE in the amount of $94,498.26.

9.  In breach of the charter, and despite due demand, Defendant PROGETRA refused and/or otherwise failed to pay any part of the $94,498.26 due to CAPE, and the entire amount remains unpaid and owing under the terms of the charter.

10. The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and CAPE specifically reserves its right to arbitrate the substantive matters at issue in London. Arbitration has been commenced.

11. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff CAPE's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

12. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

13. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $17,115.35. Interest anticipated to be awarded is estimated to be $14,069.07 (calculated at the rate of 7% per annum compounded quarterly for a period of two year on the principle claim of $94,498.26, the estimated time for completion of the proceedings in London).

14. In all, the claim for which Plaintiff CAPE sues in this action, as near as presently may be estimated, totals $125,682.68, no part of which has been paid by Defendant PROGETRA, despite due demand. Plaintiff CAPE specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure CAPE.

**Request for Rule B Relief**

15. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have,

assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant PROGETRA SA (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

16. The total amount sought to be attached pursuant to the above is **$125,682.68**.

WHEREFORE, Plaintiff CAPE BENAT NAVIGATION INC prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$125,682.68** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant PROGETRA SA, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
    June 18, 2008

>   FREEHILL HOGAN & MAHAR, LLP
>   Attorneys for Plaintiff
>   CAPE BENAT NAVIGATION INC
>
>   By: _____
>       Michael E. Unger (MU 0045)
>       80 Pine Street
>       New York, NY 10005
>       (212) 425-1900
>       (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
18th day of June, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/306722.1                                6