UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CAPE BENAT NAVIGATION INC.

                Plaintiff,                08-cv-05501 (DC)

   -against-

PROGETRA S.A.

                Defendant.
-------------------------------------------------------x

## INTERVENOR'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO VACATE ATTACHMENT

Intervenor, Kavanagh Maloney & Osnato LLP ("KMO"), respectfully submits, pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Admiralty Rules"), this Memorandum of Law in support of its Motion to Vacate this Court's attachment of an August 1, 2008 electronic funds transfer ("EFT") payable to KMO in the amount of $16,292.27 (the "Attachment").

As defendant Progetra has no interest in the Attachment, KMO's motion should be granted and the Attachment vacated.

In addition, pursuant to Admiralty Rule E(4)(f), KMO respectfully requests that after vacatur, this Court order that the original, relevant EFT instructions to KMO's account at Citibank in Manhattan be carried out.

### FACTUAL BACKGROUND

In June and July, 2008, KMO represented an Austrian bank named Raiffeisen Zentralbank Oesterreich AG ("RZB") as intervenor in a case in this District entitled

{00020522.DOC 1}                1

*Petraco Oil Co. Ltd. v. Progetra S.A.* (08 cv 03115 (PAC)). See accompanying Holl Affid. That case is currently pending before Judge Crotty. *Id.* Pursuant to its work in the *Petraco* matter, in late July 2008, KMO billed its client RZB in the amount of $16,292.27. *Id.*

In this case (*Cape Benat Navigation v. Progetra*), Judge Chin re-issued an attachment order dated July 28, 2008, in the amount of up to $100,000.00. *Id.*

By wire transfer dated August 1, 2008, RZB attempted to pay its KMO bill via a normal wire transfer to KMO's Citibank account in this District. For purposes of identification, RZB labeled the EFT to KMO "Petraco v. Progetra." *Id.*

Because of the EFT identification, RZB's EFT payment to KMO was attached pursuant to Judge Chin's July 28 Order in this case. *Id.*

Pursuant to Local Admiralty Rule E.2 and Federal Admiralty Rule E(4)(f), KMO has intervened. KMO's intervening complaint contends that the total amount attached ($16,292.27), is an asset of KMO, and that KMO, not Defendant Progetra, was at all relevant times the legal and beneficial owner of such attached $16,292.27. *Id.*

**ARGUMENT**

**I.**

**THE ATTACHMENT OF THE
AUGUST 1 EFT TO KMO SHOULD BE VACATED**

A district court must vacate a maritime attachment unless the *plaintiff* can establish that:

> 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4)

there is no statutory or maritime law bar to the attachment.

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006).

"Rule E(4)(f) clearly places the burden on the Plaintiff to show that an attachment was properly ordered." *Aqua Stoli*, 460 F.3d at n.5. "The prima facie standard is more stringent than the pleading requirement of the Federal Rules of Civil Procedure." *Ronda Ship Management Inc. v. Doha Asian Games Organizing Comm.*, 511 F.Supp.2d 399, 404 (S.D.N.Y. 2007), *citing U.S. v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d Cir. 1989).

Here, Plaintiff cannot establish the third element of *Aqua Stoli*. Therefore, the Attachment, in the amount of $16,292.27, should be promptly vacated pursuant to Federal Admiralty Rule E(4)(f).

The Attachment should be vacated because the attached sum ($16,292.27) is in no way the property of Defendant Progestra within this District. Under *Aqua Stoli* and Admiralty Rules B and E, Plaintiff must establish that the EFT sum is the asset of Progetra. Plaintiff cannot make this required showing. *See Dolco Investments, Ltd. v. Moonriver Development, Ltd.*, 486 F.Supp.2d 261, 269 (S.D.N.Y. 2007) (maritime attachment vacated after plaintiff could not establish that EFT was property of defendant in this District).

Thus, the Attachment should be vacated.

## II.

## AFTER VACATUR, THE ATTACHED
## EFT AMOUNT SHOULD BE PROPERLY DISTRIBUTED

Pursuant to Admiralty Rule E(4)(f), KMO respectfully requests that after vacatur, this Court order that the original, relevant EFT instructions be carried out, such that KMO is paid pursuant to RZB's original wire instructions to KMO's account at Citibank.

## CONCLUSION

The Attachment should be vacated.

Dated: August 14, 2008

                KAVANAGH MALONEY & OSNATO LLP

                By: _____
                     Jorn A. Holl (JH 1119)
                415 Madison Avenue, 18th Floor
                New York NY 10017
                (212) 207-8400
                Fax: (212) 888-7324
                jholl@kmollp.com